

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-12-947

|  |  |
|---|---|
| AMADO MANCIA <br><br> APPELLANT <br><br> V. <br><br> ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN <br><br> APPELLEES | **Opinion Delivered** SEPTEMBER 18, 2013 <br><br> APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, EASTERN DISTRICT [NOS. JV-09-86, JV-10-54] <br><br> HONORABLE GERALD K. CROW, JUDGE <br><br> AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BILL H. WALMSLEY, Judge

The Carroll County Circuit Court terminated the parental rights of appellant Amado Mancia to his three children, K.M.M. (DOB: 10-04-05), D.M. (DOB: 9-26-07), and A.M.M. (DOB: 5-10-10).[1] Appellant's counsel has filed a motion to withdraw, along with a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no non-frivolous issues that would support an appeal.[2] The clerk of this court sent copies of the motion and brief to Mancia and informed him of his right to file pro se points for reversal. Mancia did not file any such points.

---

[1]The trial court also terminated the parental rights of the children's mother Denis (also spelled "Denise") Maldonado, who was represented by separate counsel.

[2]In *Mancia v. Arkansas Department of Human Services*, 2013 Ark. App. 265 (*Mancia I*), this court denied counsel's motion to withdraw, ordered rebriefing, and remanded to supplement the record.

The evidence shows that K.M.M. and D.M. came into DHS custody due to rib fractures suffered by D.M. The parents claimed that K.M.M. must have caused the injuries by roughhousing with his younger brother. The boys were returned to the parents' custody. The mother gave birth to A.M.M., and when the baby was only three months old, he was flown to Arkansas Children's Hospital due to seizures. Doctors concluded that he suffered from shaken-baby syndrome. A.M.M. underwent surgery, and doctors were able to save his life. All of the children were removed from the home. The parents again blamed K.M.M. but otherwise offered no plausible explanation for the baby's injuries.

The trial court found that it was in the best interest of the children to terminate Mancia's parental rights, considering both their likelihood of being adopted and the potential harm if the children were returned to his custody. Ark. Code Ann. § 9-27-341(b)(3)(A) (Supp. 2011). The trial court found four grounds to support termination. The children had remained in foster care for nearly two years and, despite the offer of various services and other meaningful efforts to rehabilitate him and correct the conditions that caused removal, those conditions were not remedied by Mancia. Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(a). A.M.M. was found dependent-neglected as a result of neglect or abuse that could have endangered his life, and K.M.M. and D.M. are his siblings. Ark. Code Ann. § 9-27-341(b)(3)(B)(vi)(a)−(b). Mancia manifested the incapacity or indifference to remedy subsequent issues or factors that prevented the children's return to his custody in that he frustrated the delivery of services and maintained that he had no knowledge of how A.M.M.'s injuries were caused. Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(a). A.M.M. and D.M. were subjected to extreme or repeated

SLIP OPINION

cruelty, and there was little likelihood that continued services would result in successful reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*3*).

After a careful examination of the record and counsel's no-merit brief, we find that counsel has complied with the requirements for no-merit briefs in termination cases in that he has addressed the sufficiency of the evidence supporting termination and discussed all adverse rulings. We hold that the appeal is wholly without merit. Therefore, we grant counsel's motion to withdraw and affirm the order terminating Mancia's parental rights.

Affirmed; motion to withdraw granted.

PITTMAN and VAUGHT, JJ., agree.


*Copeland Law Firm*, by: *Casey D. Copeland*, for appellant.

No response.